## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSHUA TILLERY** | § | |
| **on behalf of himself and all others** | § | |
| **similarly situated,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:15-cv-454** |
| | § | |
| **CORNELL WIRELINE SERVICES,** | § | |
| **LLC, d/b/a CWES, LLC** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT CORNELL WIRELINE SERVICES, LLC'S RULE 12(B)(1)
### MOTION TO DISMISS AND MOTION TO STAY PROCEEDINGS

It is axiomatic that this Court only has subject-matter jurisdiction over actual cases and controversies. This motion should be granted for two reasons. First, this case has become moot because Plaintiff Joshua Tillery rejected Defendant Cornell Wireline Services, LLC's (Defendant or Cornell) Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure that fully satisfied his overtime claim.[1] By rejecting the offer, Plaintiff no longer has a personal stake in this litigation. Case law is clear that a plaintiff, such as Tillery, must have standing at all stages of the litigation, and where an action is mooted during the course of litigation, the case must be dismissed. Thus, this case should be dismissed based on traditional mootness jurisprudence.

---

[1] FED. R. CIV. P. 68(a) states that: "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment."

Second, Plaintiff's collective action allegations do not salvage the moot claims or create a personal stake. A purported collective action does not constitute an independent legal interest.

In the interest of conserving resources, including judicial resources, Cornell also moves the Court to stay all deadlines pending a ruling on this Motion.

## I.
## FACTS AND PROCEDURAL HISTORY

Plaintiff was employed by Cornell from April 21, 2014 to May 20, 2014. *See* Declaration of Jennifer Fisher ("Fisher Declaration") at ¶ 5, Exhibit A. Plaintiff worked as a wireline crew member and provided oil and gas well perforation services to Defendant. Pl.'s Compl. at ¶ 13. Plaintiff filed his Complaint on June 1, 2015, alleging violations of the Fair Labor Standards Act. Dkt. 1. Specifically, Plaintiff alleges that he is entitled to unpaid compensation for overtime hours worked under the provisions of the Act. Pl.'s Compl. at ¶ 3. Plaintiff also alleges he is entitled to "reasonable attorneys' fees and costs of this action." *Id.* at ¶ 33. Plaintiff has styled his action "on behalf of himself and all others similarly situated," and claims other individuals are similarly situated and may opt–in to the suit pursuant to 29 U.S.C. § 216(b). *Id.* at ¶¶ 1, 19-28. This Court has not conditionally certified a collective class. To date, no putative class member has opted–in to the suit. *See* Docket Report.

Cornell served an offer of judgment to Plaintiff on July 10, 2015 that fully satisfied his demand by providing for all wages he seeks, and his attorneys' fees and costs. *See* Exhibit B. Plaintiff failed to respond to the offer within 14 days; thus, the offer is rejected. Because Plaintiff rejected an offer that fully satisfied his demand, including an offer to pay attorneys' fees and costs, this case is now moot, and this Court lacks subject-matter jurisdiction over Plaintiff's claims. Accordingly, Cornell moves the Court to dismiss Plaintiff's claims with prejudice under Federal Rule of Civil Procedure 12(b)(1).

## II.
## ARGUMENT AND AUTHORITIES

### A.    THE 12(B)(1) STANDARD

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject-matter jurisdiction of the district court to hear a case." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject-matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. "The burden of proof for a Rule 12(b)(1) motion to dismiss is *on the party asserting jurisdiction*." *Id.* (emphasis added.) "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*

A party may challenge a court's subject-matter jurisdiction "at any stage of the proceedings." *Menchaca v. Chrysler Credit Corp*., 613 F.2d 507, 511 (5th Cir. 1980). "The Fifth Circuit recognizes a distinction between a 'facial attack' and a 'factual attack' upon a complaint's subject-matter jurisdiction." *Muhammad v. Dallas County Cmty. Supervision and Corr. Dep't*, No. 3:03-CV-1726-M, 2007 WL 2457615, at *2 (N.D. Tex. Aug. 30, 2007). "If the defendants support the [Rule 12(b)(1)] motion with evidence . . . then the attack is factual and no presumptive truthfulness attaches to the plaintiff's allegations[.]" *Id*. (internal quotation marks omitted).  Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. (emphasis supplied).

Defendant has attached evidence in support of this Motion, which means that its attack on Plaintiff's ability to establish subject-matter jurisdiction in this case is "factual." Accordingly, Plaintiff must "establish by a preponderance of the evidence that the Court does in fact enjoy subject-matter jurisdiction over this case." *Rollins v. Systems Integration, Inc.*, No. 4:05-CV-

408-Y, 2006 WL 3486781, at *3 (N.D. Tex. Dec. 4, 2006). In light of Defendant's Offer of Judgment, this is something Plaintiff cannot do.

**B.**    **MOOTNESS DEPRIVES THIS COURT OF SUBJECT-MATTER JURISDICTION**

"Article III, Section 2 of the Constitution limits the jurisdiction of federal court to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the 'legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1528 (2013) (citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)) (internal citation omitted); U.S. Const. art. III, § 2. To satisfy this bedrock constitutional principle, Tillery must maintain a "personal stake" that endures at every stage of the litigation. *Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 (5th Cir. 2008).

"A case becomes moot when 'there are no longer adverse parties with sufficient legal interests to maintain the litigation' or 'when the parties lack a legally cognizable interest in the outcome' of the litigation." *Sandoz*, 553 F.3d at 915 (quoting *Envtl Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2005) (internal citation omitted)). An offer of complete relief will generally moot a plaintiff's claim because at that point he no longer retains a personal interest in the outcome of the litigation. *See Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991) Easterbrook, J.) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."). These holdings arise from the fundamentally sound principle that "[a litigant] cannot persist in suing after [he has] won." *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir. 1999) (Posner, J.). Indeed, Tillery who has been offered all relief sought has essentially won and may not continue to

litigate. *See generally*, 13B Charles Alan Wright & Miller, Federal Practice and Procedure §
3533.2 (3d Ed. 2008) (discussing the mootness doctrine).

C.   **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE CORNELL'S OFFER OF
JUDGMENT, WHICH MORE THAN MADE TILLERY WHOLE, ELIMINATES ANY
CONTROVERSY RELATED TO CLAIMS FOR WAGES.**

1.   **Defendant's calculation of Plaintiff's possible damages.**

In determining the amount of the Offer of Judgment, and using a "worst-case scenario"
analysis, Cornell analyzed Plaintiff's pay records for each pay period for the one month period
he worked for Cornell from April 21, 2014 to May 20, 2014. *See* Exhibits C, D, and E.  Those
records show the total number of hours Plaintiff reported that he worked during each pay period,
and the amount he was paid during that period - whether for the hours actually worked during
that period or due to a bonus payment.  *Id*.

Defendant began its calculation by dividing the entire amount that Plaintiff received as
payment in a given pay period by the total number of hours Plaintiff logged as worked to
determine the "Regular Rate" for that pay period.  Although the bonuses that Defendant paid
Plaintiff are not required to be a part of the Regular Rate calculation (*see* 29 C.F.R. §778.211), in
an abundance of caution and in the spirit of over-inclusion, Defendant included all bonus
payments in its calculation of "Regular Rate." Defendant also included the amount Plaintiff was
paid for meals into its calculation of the "Regular Rate."

Defendant then took the Regular Rate for each pay period and multiplied it by the
number of hours worked by Plaintiff in that pay period, up to and including the 40th hour worked
(the "Regular Pay").  Then, Defendant took any hours that were worked by Plaintiff in excess of
40 hours for a given pay period and multiplied that number by 1½ the Regular Rate for the pay
period in question (the "Alleged Overtime Pay").  Defendant added the Regular Pay and Alleged

Overtime Pay together and subtracted from that figure the amount that was actually paid to Plaintiff by Defendant during the Relevant Time Period in order to determine the maximum amount of actual damages that Plaintiff could allege in this suit (the "Possible Actual Damages"). The total amount of Alleged Actual Damages is $1,422.63. *Id.*

      **2.**      **Defendant's Offer of Judgment includes liquidated damages to which Plaintiff is not entitled.**

Under the FLSA, an individual who has not been paid proper overtime wages is entitled to recoup the amount of underpayment and, if the underpayment did not result from the good faith conduct of the employer, an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b). Notwithstanding that general proposition, Section 260 of the FLSA provides employers with an affirmative defense to liquidated damages in the event that they acted in good faith, but are nevertheless found to have engaged in a technical violation of the FLSA:

> [I]f the employer shows to the satisfaction of the Court that the act or omission giving rise to such action was in good faith and that he had reasonable ground for believing that his act or omission was not a violation of the [FLSA] may . . . award no liquidated damages.

*Id.* Defendant is entitled to assert the affirmative defense provided by FLSA Section 260, and is not liable to Plaintiff for any liquidated damages whatsoever.

Nevertheless, in an effort to be overly inclusive, Defendant included in its Offer of Judgment an amount of liquidated damages where arguably overtime underpayments may have occurred. Defendant doubled the $1,422.63 Possible Actual Damages, for a total of $2,845.26, which represents the entire amount of Plaintiff's potential FLSA "damages" available in this case. Defendant offered Plaintiff $5,000.00, which is more than the total potential damages he can recover if he succeeded in this suit. *See* Exhibit B.

**3.      Defendant's offer included all other amounts to which Plaintiff is arguably entitled.**

In addition to offering Plaintiff liquidated damages to which he is not entitled, Defendant's offer also stated: "Cornell will further pay Tillery an amount equal to his reasonable costs and attorney's fees allowed by law, as determined by the Court, or an amount of costs and attorney's fees determined pursuant to agreement of counsel." Exhibit B at ¶ 2. Further, Defendant's Offer of Judgment includes room for any alleged discrepancies in the calculation of Plaintiff's Alleged Actual Damages. *Id.*

The Offer of Judgment can be broken down as follows:

| | |
|---|---|
| Possible Actual Damages | $1,422.63 |
| Possible Liquidated Damages | $1,422.63 |
| **TOTAL** | **$2,845.26** |
| Defendant's Offer of Judgment[2] | $5,000.00 |
| Excess (not including attorneys' fees and reasonable costs) | **$2,154.74** |

Defendant offered to pay Plaintiff in excess of *two thousand dollars* what its conservative calculations reveal that he would be entitled to recover if he were successful at trial.  Under these circumstances, Plaintiff's claims have been rendered moot, and the Court lacks subject-matter jurisdiction over them. Accordingly, the Court should dismiss this action with prejudice pursuant to Rule 12(b)(1).

---

[2] In order to ensure that Defendant offered more than Plaintiff could possibly recover should he prevail on his claims, Defendant made the offer of $5,000.00 to Plaintiff.

**DEFENDANT CORNELL WIRELINE SERVICES, LLC'S RULE 12(B)(1)**
**MOTION TO DISMISS AND MOTION TO STAY PROCEEDINGS – Page 7**

**D.** **PLAINTIFF CANNOT REVIVE A MOOT CLAIM BY CLAIMING TO REPRESENT A PURPORTED "OPT-IN" CLASS UNDER THE FLSA.**

Plaintiff cannot create a "case or controversy" simply because he alleges that he is the representative for a class of potential plaintiffs in a collective action under Section 216(b) of the FLSA. To the contrary, courts faced with solitary individuals claiming to represent a class under the FLSA routinely dismiss those individuals' actions when those individuals are presented with an offer of judgment that meets or exceeds their possible demands. A 216(b) plaintiff merely presents "a claim on the merits" but "has no claim that he is entitled to represent other plaintiffs." *Sandoz*, 553 F.3d at 917. A collective action under § 216(b) and a Rule 23 class action are "mutually exclusive and irreconcilable." *Id.* (quoting *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 298 (5th Cir. 1975)). Thus, no independent cognizable legal interest exists in a "statutorily created collective action" under § 216(b). 29 U.S.C. § 216(b); *Genesis Healthcare*, 133 S. Ct. at 1529; *Sandoz*, 553 F.3d at 919.

The Fifth Circuit has been unwilling to retain jurisdiction over claimed FLSA collective actions where there are no class members other than the lead plaintiff, and when that plaintiff's demand has been satisfied by an offer of judgment from the defendant. *See Sandoz*, 553 F.3d at 921. In the *Sandoz* case, the Fifth Circuit held that where there is no certification of a class under the FLSA, and the named plaintiff only represents his or her own interests, a Rule 68 offer of judgment satisfying plaintiff's claims renders the case moot—regardless of whether that offer is accepted or rejected by the plaintiff. *Id.* There, the plaintiff filed an FLSA collective action, claiming the method used by the defendant to pay some of its part-time employees violated the FLSA. *Id.* at 914. Approximately a month after the defendant was served, it made the plaintiff an offer of judgment for $1,000, in addition to reasonable attorneys' fees. *Id.* At the time the offer was made, no other plaintiffs had opted-in to the collective action. *Id.* Plaintiff rejected the offer,

and defendant moved to dismiss the case on the grounds the its offer would have settled plaintiff's claims, arguing that a make-whole offer in a collective action consisting of only one plaintiff rendered the case moot. *Id*. The district court denied the motion, and defendant filed an interlocutory appeal with the Fifth Circuit on the issue of "whether a FLSA claim becomes moot when the purported representative of a collective action receives an offer that would satisfy his or her individual claim and no other plaintiffs had opted in to the collective action." *Id*. at 915.

On appeal, the Fifth Circuit held that a Rule 68 offer of judgment satisfying plaintiff's claims renders the case moot when there is no certification of a class under the FLSA, and the named plaintiff only represents his or her own interests. *Id* at 921. The Court also noted that the nature of FLSA actions, whereby individuals cannot become party plaintiffs—and thus cannot be bound by a judgment—unless they affirmatively "opt in" to the lawsuit. *Id*. at 916. If no other putative plaintiffs have opted into the lawsuit, the action is not "collective" since the named plaintiff only represents themselves, and thus cannot "represent the interests of similarly-situated employees who have not yet opted in." *Id*. at 918; *see also Genesis Healthcare*, 133 S. Ct. at 1532 ("respondent has no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness.")

That is the precise situation presented to this Court. No class has been certified, nor have any other individuals opted in to the alleged class as required by the FLSA.  *See* 29 U.S.C. §216(b).  Thus, in actuality, Plaintiff represents only his own interests in this case.  Additionally, Defendant has offered Plaintiff in excess of what he would recover at trial, plus his reasonable attorneys' fees and reasonable costs, assuming an unlikely, worst-case set of facts for Defendant. Accordingly, this Court should follow the great weight of authority directly on point, hold that

Plaintiff's claim has been mooted by the Offer of Judgment, and dismiss his claim with prejudice.

E.    **THE COURT SHOULD STAY PROCEEDINGS PENDING RESOLUTION OF THIS MOTION**

Because this case, which alleges a maximum of $2,845.26 in possible damages, has consumed sufficient resources of the parties and the Court, the Court should abate any and all proceedings and deadlines, including Plaintiff's Motion for Conditional Class Certification, until the Court rules on this Motion. *See Corwin v. Marney, Orton Inv.,* 843 F.2d 194, 200 (5th Cir. 1988) (citation omitted); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

## III.
## CONCLUSION

Cornell moves that the Court dismiss all claims against Cornell with prejudice; that the Court deny Plaintiff's Motion for Conditional Class Certification and Notice to Class as moot; that costs be assessed against Plaintiff and in favor of Cornell; and that the Court grant Cornell such other and further relief as it deems just and proper.

Respectfully submitted,

**HUNTON & WILLIAMS LLP**

By:   /s/ Alan J. Marcuis
       Alan J. Marcuis
       State Bar No. 24007601
       Lead Attorney
       Amber M. Rogers
       State Bar No. 24056224

       Fountain Place
       1445 Ross Ave., Suite 3700
       Dallas, Texas 75201-3402
       214.979.3000
       214.880.0011 (fax)
       amarcuis@hunton.com
       arogers@hunton.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record via the Court's CM/ECF system on this 28th day of July, 2015 as follows:

**THE YOUNG LAW FIRM, P.C.**

Jeremi K. Young
State Bar No. 24013793
Rachael Rustmann
State Bar No. 24073653
1001 S. Harrison, Suite 200
Amarillo, TX 79101
806.331.1800
806.398.9095 (fax)
jyoung@youngfirm.com
rachael@youngfirm.com

       /s/ Amber M. Rogers
       Amber M. Rogers

**DEFENDANT CORNELL WIRELINE SERVICES, LLC'S RULE 12(B)(1)**
**MOTION TO DISMISS AND MOTION TO STAY PROCEEDINGS** – Page 11

79431.000006 EMF_US 56440744v3